## AZELLA F. SMITH v. WILLIAM A. FUNK.[1]

March 26, 1909.

Nos. 15,825—(131).

Action in the district court for Blue Earth county to have a certain contract, deed, and redemption certificate declared to be a mortgage and that the same are usurious and void. The case was tried before Cray, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order, plaintiff appealed. Reversed and new trial ordered.

*Thomas* and *Evan Hughes* and *C. J. Laurisch*, for appellant.

*S. B. Wilson* and *W. A. Funk*, for respondent.

PER CURIAM.

This is an appeal in an action brought by plaintiff and appellant against defendant and respondent to have a certain contract and deed and redemption certificate and assignment of mortgage declared to be a mortgage, and to have it decreed to be usurious and void, and for other relief. The plaintiff was a widow residing with her two daughters on the property in issue. The defendant was during the times herein involved, and is, a practicing attorney. After trial the court made findings of fact and conclusions of law which sustained defendant's view of the controversy. Judgment was entered according to his order. This appeal was taken from that judgment.

The merits of the controversy turn upon the relationship between defendant and plaintiff which existed at the time of the transactions. If the relationship was not that of attorney and client, the conclusions of the trial court should not be disturbed. If that relationship existed, the record, as it now exists, shows a failure by defendant to deal with that fairness and equity which the law required of him and an abuse of confidence. In such case the judgment should be opened, in order that a new trial might be had. The trial court made no express finding on that subject. Whether it regarded the fact of relationship as evidentiary only, or whether it regarded the controversy as immaterial, or whether it failed to find on the subject for some other reason, does not affirmatively appear. The conclusions which it reached should not be sustained on the presumption that the trial court found the necessary facts possibly inferable from the record, including the possible nonexistence of the relationship of attorney and client. So to do would be artificial and strained.

The evidence on this subject was conflicting. Direct and circumstantial evidence tended to show the relationship. The defendant strenuously denied

[1] Reported in 120 N. W. 1135.

its existence. Under the circumstances the issue should be met fairly and squarely, and an express finding made. The circumstances of this case are such that to enter into a full statement or discussion of all the reasons which necessitate the ruling here made would necessarily tend to operate unfairly to defendant on the new trial. We have refrained from expressing any opinion whatever as to the merits of the questions of law and of fact to be litigated upon the new trial.

Reversed and new trial ordered.

LEWIS, J.

I concur in the result.

ELLIOTT and BROWN, JJ.

We concur in the conclusion that findings on the pivotal question in the case should have been in order.