## AZELLA F. SMITH v. WILLIAM A. FUNK.[1]

May 19, 1911.

Nos. 17,036—(89).

**Findings sustained by evidence.**

    The findings of the trial court to the effect that defendant was not acting as the attorney for plaintiff in the transactions in question, and that such transactions did not constitute a mortgage, are sustained by the evidence.

Action in the district court for Blue Earth county to have a certain contract, deed and certificate of redemption declared a mortgage, and that the mortgage be declared usurious and void. Defendant Florence M. Smith interposed an answer disclaiming any interest in the premises on June 1, 1909, or at any time thereafter. The case was tried before Quinn, J., who made findings and ordered judgment that defendant, in behalf of Carl L. Oleson, was the owner of the premises involved in the action and recover possession of the same from plaintiff. From the judgment entered pursuant to the order, plaintiff appealed. Affirmed.

*Miles Porter, Thomas Hughes,* and *D. J. Severance,* for appellant.

*S. B. Wilson,* for respondent.

BUNN, J.

This action was brought by plaintiff against defendant William A. Funk in 1907 to have a certain contract and deed and certificate of redemption declared to be a mortgage, and to have it declared usuri-

[1]Reported in 131 N. W. 377.

ous and void. The case was tried and resulted in a decision and judgment for defendant. From this judgment plaintiff appealed to this court, and in March, 1909, this court reversed the judgment and granted a new trial. Smith v. Funk, 107 Minn. 571, 120 N. W. 1135. The sole ground of the reversal was that the trial court had not made a finding on the question of fact upon which the merits of the controversy hinged, the question whether the relationship of attorney and client existed between defendant and plaintiff at the time of the transactions.

During the pendency of the action C. L. Oleson acquired the interest of defendant Funk in the real estate involved, and on application made to the trial court after the new trial was granted an order was made allowing the action to proceed in the name of defendant Funk for and on behalf of said C. L. Oleson.

The trial resulted in a second decision for defendant, the court finding that defendant was not acting as attorney for plaintiff at the time of the transactions in question, that the transactions did not constitute a mortgage, and that defendant Funk, for and on behalf of C. L. Oleson, was the owner of the premises in controversy. A motion of plaintiff for judgment or for a new trial was denied, and judgment was entered in accordance with the decision. This is an appeal by plaintiff from the judgment.

The chief controversy here is over the question of whether the findings of fact are sustained by the evidence. We will state briefly the admitted facts and the material evidence on the facts in dispute:

Plaintiff, from December, 1903, to December, 1905, was the owner of the real estate the title to which is in dispute in this case. She is a widow, and with her two daughters resided on the property, up to the time this action was commenced and thereafter. Her daughter Azella M. Smith formerly owned the premises and other adjacent property, and in 1903 mortgaged the same to one Robert Little by giving a deed and taking back a contract. Little thereafter released a portion of the land covered, and foreclosed his mortgage on the land not released. The sale was made to Little, November 29, 1904, for the sum of $1,793.18, the full amount due.

William A. Funk was and had been for ten years an attorney at

law residing at Mankato. He had acted as attorney for the plaintiff in important litigation in 1897. In the summer of 1905 plaintiff applied to Funk to assist her in borrowing money with which to redeem from the Little foreclosure sale. Plaintiff testifies that Funk promised to see that the redemption was made. Funk testifies that he told plaintiff then and after her right to redeem expired that it was impossible to get a loan for her. There were seven mortgages on the property in December, 1905, all subsequent to the Little mortgage. These were mortgages given by plaintiff to creditors for the purpose of extending the time to redeem. Plaintiff advised with Funk, and he assisted her in making these mortgages, and prepared the notices of the intention to redeem, which were filed. The last two mortgagees were C. L. Kennedy and Florence M. Smith. Kennedy's time to redeem expired January 13, 1906, and Smith's January 18, 1906.

Plaintiff and her daughter Florence M. Smith testified that on January 17, 1906, there was an oral agreement between them and defendant to the effect that if defendant could borrow the money he would loan $2,500 to them, make the redemption from the Little mortgage, pay all taxes on the premises and on an adjoining piece, pay certain debts of plaintiff, obtain insurance, pay the expenses of putting plaintiff through bankruptcy, and pay any balance remaining to Florence M. Smith. They testified that in consideration and as security plaintiff and her two daughters agreed to execute and deliver to defendant a quitclaim deed of the mortgaged premises and the adjacent tract. Florence M. Smith was to assign to defendant her mortgage, and procure for him an assignment of the Kennedy mortgage, and defendant agreed to reconvey the premises in question to Florence M. Smith upon the payment to him of $3,000 on or before January 18, 1907; the $500 in excess of the $2,500 loaned by defendant being a bonus to defendant, or a payment for his services in the matter.

Defendant stoutly denies any such agreement. He testifies that he told the Smiths that he would not make a loan, but would borrow the money and make the redemption in his own right, and become the owner of the premises, and that afterwards, at solicitation of

114 M.—24.

the plaintiff and her daughters, he agreed to sell the premises to Florence M. Smith for $3,000.

The transaction as it appears from the undisputed evidence, largely documentary, was this: The Kennedy and Florence M. Smith mortgages were assigned to Funk. On January 17, 1906, he applied to C. L. Oleson, president of the National Bank of Commerce of Mankato, for a loan of $2,500, stating that he wanted the money to redeem from the Little foreclosure and to pay certain taxes, that he was to acquire the Smiths' interest in the mortgaged property and the adjacent tract, and would give a mortgage thereon to secure the loan. Oleson made the loan, Funk giving his note for the amount. Funk made the redemption and paid certain taxes by checks drawn against this loan. The amount paid to redeem was $1,914.49. On the same day the Smiths executed and delivered to Funk a quitclaim deed of the premises, and Funk executed the mortgage to Oleson, which was on January 19 delivered to Oleson and recorded. On January 18 Funk executed and delivered to Florence M. Smith a contract whereby he agreed to sell and convey the premises to her for $3,000, payable in one year, with interest.

The trial court found that Funk was not acting as attorney for Mrs. Smith in this transaction, and that he did not borrow the $2,500 or make the redemption for her, but was acting throughout on his own account, to her knowledge. There is clearly no vice in the transaction, if we eliminate the relation of attorney and client. It was a question of fact whether this relation existed. The evidence was conflicting, and an examination of the record satisfies us that the decision of the trial court should not be disturbed. It is true that Funk had acted as attorney for the plaintiff in other matters, and that the matter of this redemption came to him first on plaintiff's application to him for assistance in getting a loan. While this and some other features of the case have a strong tendency to warrant the belief that the relation existed, yet the evidence of Funk and the testimony as to admissions of plaintiff make a case which justified the trial court in deciding as it did.

Applying the familiar rules as to the weight that should be given to the decision of the trial judge when the evidence is in conflict,

we are unable to say that the findings of fact were not justified by the evidence. We have considered the rulings of the trial court during the trial that are complained of, and conclude that there was no error.

Judgment affirmed.